# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | | |
|---|---|---|
| ZACHARY JOHNSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | 2:12-cv-02146-JCM-GWF |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| ERIC HOLDER JR., *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiffs have submitted a *pro se* civil rights complaint. They have failed to either pay the filing fee or submit an application to proceed *in forma pauperis* on the required form. *See* 28 U.S.C. § 1915(a)(1)-(2); Local Rules of Special Proceedings 1-1, 1-2. Accordingly, plaintiffs' action is dismissed without prejudice. If plaintiffs wish to pursue this matter, they should file a new action, with a new case number, along with either the $350 filing fee or a completed application to proceed *in forma pauperis* on the court-approved form for each plaintiff. The application must be accompanied by all required financial documentation, as described in the instructions for use of the form.

The court further notes that plaintiffs appear to have filed in the wrong venue, as they state that they are incarcerated in Mississippi and the complaint appears to set forth allegations regarding

1 events that took place in Mississippi, Texas and/or Washington, D.C.[1]  They also name several
2 defendants who appear to be federal judges and thus would not be amenable to suit.[2]

3         **IT IS THEREFORE ORDERED** that this action is **DISMISSED** without prejudice.

4         **IT IS FURTHER ORDERED** that the clerk shall enter judgment accordingly and close
5 this case.

7 DATED January 3, 2013.

10         _____
        UNITED STATES DISTRICT JUDGE

---

[1] The federal venue statute requires that a civil action, other than one based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

[2] "Courts have extended absolute judicial immunity from damage actions under 42 U.S.C. § 1983 not only to judges but also to officers whose functions bear a close association to the judicial process." *Demoran v. Will*, 781 F.2d 155, 156 (9th Cir. 1986). "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (*en banc*); *see also Miller v. Davis*, 1142, 1145 (9th Cir. 2008); *Partington v. Gedan*, 961 F.2d 852, 860 n.8 (9th Cir. 1992); *Houghton v. Osborne*, 834 F.2d 745, 750 (9th Cir. 1987). Judges retain their immunity when they are accused of acting maliciously or corruptly, *see Mireles v. Waco*, 502 U.S. 9, 11 (1991) (*per curiam*); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Meek v. County of Riverside*, 183 F.3d 962, 965 (9th Cir. 1999); *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989), and when they are accused of acting in error, *see Meek*, 183 F.3d at 965; *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (*per curiam*); *Ashelman*, 793 F.2d at 1075.